# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JULIO CHAVEZ, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 19-cv-533-SMY |
| ANTHONY L. SENN, RUSSELL GOINS, DARREN N. WILLIAMS, SHANAE B. MAYBERRY, and DEANNA BROOKHART, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Julio Chavez, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Lawrence Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. Plaintiff alleges Defendants violated his due process rights under the Fourteenth Amendment in connection with a disciplinary ticket and visitor ban.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): On December 15, 2018 after meeting with his wife in the visiting room, Plaintiff presented himself to Correctional Officer ("C/O") Anthony Senn for a strip search. (Doc. 1, pp. 7 and 10). During the search, Senn confiscated a silver wedding band but allowed Plaintiff to keep his gold wedding band. (*Id*. at p. 7). Plaintiff had both rings prior to his arrival at Lawrence. (*Id*. at p. 10). Although he was issued a shakedown slip, he was informed by Senn that he would not receive a disciplinary ticket but would have to retrieve his wedding band from property. (*Id*. at p. 7).

On December 16, 2018, Plaintiff received a disciplinary ticket for contraband and violation of rules. The report falsely assumes that Plaintiff's wife smuggled in the wedding band. (*Id.* at p. 11). On the following day, December 17, 2018, Plaintiff received notice from Russell Goins that his wife had been permanently banned from visits because she provided him with contraband. (*Id* at pp. 7 and 25). This ban occurred without any hearing or proof that Plaintiff's wife had brought contraband into the prison. (*Id*. at p. 11).

On December 27, 2018, Plaintiff went before the Adjustment Committee on his December 16, 2018 disciplinary report. (Doc. 1, p. 7). Plaintiff asked the committee members, Darren Williams and Shanae Mayberry, for two witnesses but neither witness was called. He also requested that the committee view the cameras from the day in question. (*Id*. at pp. 7 and 26). No final decision was made that day.

On January 5, 2019, Plaintiff received the final decision from the committee. The final report notes that the camera footage from the incident was inconclusive. (*Id*. at p. 26). Plaintiff testified at the hearing that he had both rings prior to his arrival at Lawrence but the shakedown

log noted that he entered the visiting room with only one gold band and returned with two bands, one gold and one silver. Plaintiff was found guilty of both infractions and received one-month C Grade, an assignment change, and 2 months visiting restrictions. (*Id.*). Warden Deanna Brookhart signed off on the discipline. Plaintiff wrote to Brookhart regarding the discipline and his wife's permanent ban, but she never responded to the letter. (*Id.* at pp. 7, 10-20).

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following Counts:

> **Count 1:** **Anthony L. Senn wrote a false disciplinary ticket in violation of Plaintiff's due process rights under the Fourteenth Amendment which resulted in a permanent ban of Plaintiff's wife as a visitor.**
>
> **Count 2:** **Russell Goins, Darren N. Williams, Shanae B. Mayberry, and Deanna Brookhart violated Plaintiff's due process rights under the Fourteenth Amendment during the disciplinary hearing and in placing a permanent visiting restriction on his wife.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

## Discussion

### Count 1

Plaintiff fails to state a claim against C/O Senn for issuing a disciplinary ticket containing false statements. Standing alone, the receipt of a false disciplinary ticket does not give rise to a due process violation. This is because "due process safeguards associated with prison disciplinary

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

proceedings are sufficient to guard against potential abuses[,] [and a] hearing before a presumably impartial Adjustment Committee terminates an officer's possible liability for the filing of an allegedly false disciplinary report." *Hadley v. Peters*, 841 F. Supp. 850, 856 (C.D. Ill. 1994), aff'd, 70 F.3d 117 (7th Cir. 1995) (citations omitted). *See also Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir.1984).

Due process safeguards associated with prison disciplinary hearings include: (1) advance written notice of the charges; (2) the opportunity to appear before an impartial hearing body to contest the charges; (3) the opportunity to call witnesses and present documentary evidence as a defense (if prison safety allows and subject to the discretion of correctional officers); and (4) a written statement summarizing the reasons for the discipline imposed. *See Wolff v. McDonnell*, 418 U.S. 539, 563-69 (1974). In addition, the decision of the adjustment committee must be supported by "some evidence." *Scruggs v. Jordan,* 485 F.3d 934, 941 (7th Cir. 2007). Plaintiff alleges that these safeguards were not met because his witnesses were not called at the disciplinary hearing and the decision of the Adjustment Committee was made outside of his presence.

Even assuming an inmate's due process rights are violated as Plaintiff alleges, he still may not have a Fourteenth Amendment claim. An inmate's liberty interests are protected by the Due Process Clause only insofar as a deprivation of the interest at issue would impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Here, Plaintiff did not lose any good conduct credit nor was he placed in segregation as a result of the disciplinary ticket. Although he was demoted to C Grade, that demotion does not give rise to a liberty interest. *Thomas v. Ramos*, 130 F.3d 754, 762 n. 8 (7th Cir. 1997) (collecting cases).

While Plaintiff alleges he lost visitation privileges and his wife was permanently banned from his visitor list, the denial of visitation with a particular person does not independently implicate the Due Process Clause. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 461 (1989); *See also*, *Cherry v. McCaughtry*, 49 F. App'x. 78 (7th Cir. 2002) (inmate's temporary inability to visit his fiancé did not implicate a liberty interest); *Billups v. Galassi*, 202 F.3d 272 (7th Cir. 2000) (visiting privileges with girlfriend could be permanently revoked without a hearing "or any other due process protection" because the denial of a specific visitor's privileges was "well within the terms of confinement ordinarily contemplated by a prison sentence"); *Williams v. Schomig*, Case No. 96 C 2029, 1997 WL 280703, at *3 (N.D. Ill. May 21, 1997) (finding no atypical or significant hardship where inmate's friend was permanently banned from visitation rights when only one visitor was banned and visitor could seek to restore visitation rights).

Here, the permanent ban placed on Plaintiff's wife does not give rise to a liberty interest. As such, Plaintiff fails to allege that he suffered the loss of a liberty interest which triggers due process protections. Count 1 will therefore be **DISMISSED without prejudice.**

### Count 2

Plaintiff also fails to state a colorable due process claim related to his disciplinary hearing. Similar to his claim against C/O Senn, Plaintiff fails to allege that he had a liberty interest with respect to the punishment he received as a result of the disciplinary ticket or his wife's permanent ban. Accordingly, Count 2 will also be **DISMISSED without prejudice**.

**Disposition**

Accordingly, Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff's Motion for Service of Process at Government Expense (Doc. 2) is **DENIED as moot**.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **October 31, 2019.** Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/3/2019**

*/s/ Staci M. Yandle*
**United States District Judge**